

**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: INTERNATIONAL AIR TRANSPORTATION AND SURCHARGE ANTITRUST LITIGATION _____/ | No. M 06-1793 CRB <br><br> MDL No. 1793 <br><br> **PRETRIAL ORDER #1** |

This Order Relates to:

ALL CASES

_____/

      The Judicial Panel on Multidistrict Litigation ("the Panel") has transferred to this Court for coordinated pretrial proceedings certain antitrust actions relating to an alleged conspiracy to fix prices for long haul passenger flights to and from the United Kingdom.  As the number and complexity of these actions warrant holding a single, coordinated initial case management conference for all actions in In Re: International Air Transportation Surcharge Antitrust Litigation, MDL No. 1793, the Court ORDERS as follows:

      1.      APPLICABILITY OF ORDER --- Prior to the initial pretrial conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the Panel.  This Order also applies to all related cases filed in all divisions of the Northern District of California and all "tag-along actions" later filed in, removed to, or

1    transferred to this Court.

2        2.    CONSOLIDATION --- The civil actions transferred to this Court or related to

3    the actions already pending before this Court are consolidated for pretrial purposes.  Any

4    "tag-along actions" later filed in, removed to, or transferred to this Court, or directly filed in

5    the Northern District of California, will automatically be consolidated with this action

6    without the necessity of future motions or orders.  This consolidation does not constitute a

7    determination that the actions should be consolidated for trial, nor does it have the effect of

8    making any entity a party to any action in which he, she or it has not been named, served or

9    added in accordance with the Federal Rules of Civil Procedure.

10       3.    DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE --

11   Matters relating to pretrial and discovery proceedings in these cases will be addressed at an

12   initial pretrial conference on **Friday, December 8, 2005 at 11:00 a.m.**  before Judge Charles

13   R. Breyer in Courtroom 8, 19th Floor, United States Courthouse, 450 Golden Gate Avenue,

14   San Francisco, California.  The parties shall be prepared to discuss a schedule for resolving

15   the competing motions for appointment as interim lead counsel and the motions for

16   preliminary approval of settlement.  Accordingly, the hearings on the pending motions for

17   preliminary approval of settlement and appointment of interim lead counsel are VACATED

18   and the motions for shortened time are DENIED as MOOT.  If the parties have any

19   suggestions as to additional agenda items for the initial conference, these suggestions shall be

20   filed by **December 4, 2005.**

21       4.    INITIAL CONFERENCE APPEARANCES --- Each party represented by

22   counsel shall appear at the initial pretrial conference through the party's attorney who will

23   have primary responsibility for the party's interest in this litigation.  Parties not represented

24   by counsel may appear in person or through an authorized and responsible agent. To

25   minimize costs and facilitate a manageable conference, parties with similar interests may

26   agree, to the extent practicable, to have an attending attorney represent the party's interest at

27   the conference.  A party will not by designating an attorney to represent the party's interest at

28

United States District Court

For the Northern District of California

2

United States District Court

For the Northern District of California

1    the conference be precluded from other representation during the litigation, nor will

2    attendance at the conference waive objections to jurisdiction, venue or service.

3        5.    RESPONSE EXTENSION AND STAY--- Defendants are granted an

4    extension of time for responding by motion or answer to the complaint(s) until a date to be

5    set by this Court. Pending the initial conference and further orders of this Court, all

6    outstanding discovery proceedings are stayed, and no further discovery shall be initiated.

7        6.    MASTER DOCKET FILE --- All pleadings and filings shall be made in the

8    master file, **No. M 06-1793 CRB**. The caption of each pleading shall read "In Re:

9    International Air Transportation Surcharge Antitrust Litigation" and, in addition to the

10   master file number, shall include the identification "MDL No. 1793." When a pleading is

11   intended to apply to all actions, this shall be indicated by the words: "This Document Relates

12   to All Cases." When a pleading is intended to apply to fewer than all cases, this Court's

13   docket number for each individual case to which the document number relates shall appear

14   immediately after the words "This Document Relates to."

15       7.    FILING --- This case is subject to Electronic Case Filing ("ECF"), pursuant to

16   General Order 45, Section VI of which requires that all documents in such a case be filed

17   electronically. General Order 45 provides at Section IV (A) that "Each attorney of record is

18   obligated to become an ECF User and be assigned a user ID and password for access to the

19   system upon designation of the action as being subject to ECF." If she or he has not already

20   done so, counsel shall register forthwith as an ECF User and be issued an ECF User ID and

21   password. Forms and instructions can be found on the Court's Web site at

22   ecf.cand.uscourts.gov.

23       All documents shall be e-filed in the master file, M 06-1793 CRB. Documents that

24   pertain to one or only some of the pending actions shall *also* be e-filed in the individual

25   case(s) to which the document pertains.

26       8.    DOCKETING NEW CASES --- When an action that properly belongs as part

27   of In Re: International Air Transportation Surcharge Antitrust Litigation is filed after the date

28

3

Case 3:07-cv-01079-CRB   Document 13-1   Filed 02/28/2006   Page 4 of 5

**United States District Court**

For the Northern District of California

1  of this Order in the Northern District of California or transferred here from another court, the

2  Clerk of this Court shall:

3       a.    File a copy of this Order in the separate file for such action;

4       b.    Make an appropriate entry on the master docket sheet;

5       c.    Mail to the attorneys for the plaintiff in the newly filed or transferred case a

6            copy of this Order;

7       d.    Upon the first appearance of any new defendant, mail to the attorneys for

8            the defendant in such newly filed or transferred cases a copy of this Order.

9       9.    APPEARANCES --- Counsel who appeared in a transferor court prior to

10  transfer need not enter an additional appearance before this Court.  Moreover, attorneys

11  admitted to practice and in good standing in any United States District Court are admitted pro

12  hac vice in this litigation, and the requirements of Northern District of California Local Rule

13  11-3 are waived.  Association of local counsel is not required.

14      10.    PRESERVATION OF EVIDENCE --- All parties and their counsel are

15  reminded of their duty to preserve evidence that may be relevant to this action. The duty

16  extends to documents, data, and tangible things in the possession, custody and control of

17  the parties to this action, and any employees, agents, contractors, carriers, bailees, or

18  other nonparties who possess materials reasonably anticipated to be subject to discovery

19  in this action.  "Documents, data, and tangible things" shall be interpreted broadly to

20  include writings, records, files, correspondence, reports, memoranda, calendars, diaries,

21  minutes, electronic messages, voice mail, E-mail, telephone message records or logs,

22  computer and network activity logs, hard drives, backup data, removable computer

23  storage media such as tapes, discs and cards, printouts, document image files, Web

24  pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills,

25  vouchers, checks statements, worksheets, summaries, compilations, computations,

26  charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical

27  process photographs, video, phonographic, tape or digital recordings or transcripts

28  thereof, drafts, jottings and notes, studies or drafts of studies or other similar such

material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. <u>Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties.</u>

        11.    FILING OF DISCOVERY REQUESTS --- In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the Clerk nor sent to the Judge's Chambers, except to the extent needed in connection with a motion.

        **IT IS SO ORDERED.**

Dated: November 28, 2006

                              CHARLES R. BREYER
                              UNITED STATES DISTRICT JUDGE

**United States District Court**

For the Northern District of California